UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE A. SMITH,

    *Plaintiff*,

v.                                                                 CASE NO. 13-cv-15194

COMMISSIONER OF                                DISTRICT JUDGE RICHARD H. CLELAND
SOCIAL SECURITY,                                 MAGISTRATE JUDGE CHARLES E.
                                                                   BINDER

    *Defendant*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**[1]

**I.    RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence does not support the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **GRANTED**, that Defendant's Motion for Summary Judgment be **DENIED**, that the findings of the Commissioner be **REVERSED** and the case **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

---

[1] The format and style of this Report and Recommendation are intended to comply with the requirements of the E-Government Act of 2002, Pub. L. 107-347, 116 Stat. 2899 (Dec. 17, 2002), Fed. R. Civ. P. 5.2(c)(2)(B), E.D. Mich. Administrative Order 07-AO-030, and guidance promulgated by the Administrative Office of the United States Courts found at: http://jnet.ao.dcn/img/assets/5710/dir7-108.pdf. This Report and Recommendation only addresses the matters at issue in this case and is not intended for publication in an official reporter or to serve as precedent.

**II.     REPORT**

    **A.     Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for a period of disability and Disability Insurance Benefits ("DIB"). This matter is currently before the Court on cross-motions for summary judgment. (Docs. 14, 19.)

Plaintiff Jamie Smith was 31 years of age at the time of the alleged disability onset date. (Transcript, Doc. 10-2 at 59.) Plaintiff's work history includes employment as a housekeeper, assistant manager, retail cashier and bus driver. (*Id.*) Plaintiff filed the instant claims on May 2, 2011 alleging that she became unable to work on March 20, 2010.[2] (Tr. at 46.) The claims were denied at the initial administrative stages. (*Id.*) On August 13, 2012, Plaintiff appeared before Administrative Law Judge ("ALJ") Patricia S. McKay, who considered the application for benefits *de novo*. (Tr. at 66-116.) In a decision dated September 27, 2012, the ALJ found that Plaintiff was not disabled. (Tr. at 46-61.) On November 1, 2012, Plaintiff requested a review of this decision. (Tr. at 42.)

The ALJ's decision became the final decision of the Commissioner, *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004), on November 27, 2013, when the Appeals Council denied Plaintiff's request for review. (Tr. at 32-34.) On December 20,

---

[2]Plaintiff amended her disability onset date to June 1, 2010 at her administrative hearing. (Tr. at 69-70.)

2013, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Doc. 1.)

**B.     Standard of Review**

In enacting the social security system, Congress created a two-tiered structure in which the administrative agency handles claims and the judiciary merely reviews the determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 890, 107 L. Ed. 2d 967 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137, 142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). If relief is not found during the administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986) (en banc).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). *See also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility."

*Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). *See also Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

"It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). *See also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, 'particularly since the ALJ is charged with observing the claimant's demeanor and credibility'") (citing *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence")); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability"). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers,* 486 F.3d at 247 (quoting SSR 96-7p, 1996 WL 374186, at *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, a court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). *See also Mullen*, 800 F.2d at 545. The scope of a court's review

4

is limited to an examination of the record only. *Bass,* 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241. *See also Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing *Mullen*, 800 F.2d at 545).

When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party"); *Van Der Maas v. Comm'r of Soc. Sec.*, 198 F. App'x 521, 526 (6th Cir. 2006).

**C.     Governing Law**

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994). *Accord Bartyzel v. Comm'r of Soc. Sec.*, 74 F. App'x 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the DIB program of Title II, 42 U.S.C. §§ 401 *et seq.*, and the SSI program of Title XVI, 42 U.S.C. §§ 1381 *et seq*. Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920. *See also Heston,* 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin,* 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work[.]" *Jones*, 336 F.3d at 474 (cited with approval in *Cruse,* 502 F.3d at 540). If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers,* 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D. ALJ Findings

The ALJ applied the Commissioner's five-step disability analysis to Plaintiff's claim

and found at step one that Plaintiff met the insured status requirements through December 31, 2015, and that Plaintiff had not engaged in substantial gainful activity since June 1, 2010, the amended alleged onset date. (Tr. at 48.) At step two, the ALJ found that Plaintiff's status post lumbar fusion, lumbar postlaminectomy syndrome, history of seizure disorder and asthma were "severe" within the meaning of the second sequential step. (*Id.*) The ALJ also determined that Plaintiff's Barrett's esophagus, small hiatal hernia, obesity, sleep apnea, chronic constipation, hypertension and bipolar disorder were nonsevere impairments. (*Id.*) At step three, the ALJ summarily concluded that no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Tr. at 52.) At step four, the ALJ found that Plaintiff could not perform any of her past relevant work. (Tr. at 59.) At step five, the ALJ found that Plaintiff could perform sedentary jobs that exist in significant numbers in the national economy. (Tr. at 60.) Therefore, the ALJ found that Plaintiff was not disabled. (Tr. at 61.)

### E. Administrative Record

A review of the relevant medical evidence of record indicates Plaintiff began treatment with Richard Easton. M.D. for severe lower back pain in July 2008.[3] (Tr. at 428-432.) Conservative treatment for one year (pain medication, nerve block, brace, physical therapy) resulted in only in a slight improvement in symptoms. (Tr. at 394-396, 653-654.)

---

[3] Because Plaintiff's arguments for remand are confined to the Commissioner's determination regarding her lower back impairment, a recitation of Plaintiff's treatment for her asthma, seizure disorder, Barrett's esophagus, hiatal hernia, obesity, sleep apnea, hypertension and bipolar disorder is unnecessary.

Plaintiff underwent a decompressive lumbar laminectomy of L4, L5 and S1vertabrae on August 4, 2009. (Tr. at 387-388.) Plaintiff developed cauda equina syndrome with postoperative hematoma, requiring an additional corrective surgery on August 7, 2009. (Tr. at 384-386.)

Plaintiff continued to suffer symptoms of lower back pain and pain radiating to her legs, feet and toes. (Tr. at 361-362.) Plaintiff also complained of weakness, numbness and spasms. (Tr. at 349.) Plaintiff noted no improvement with conservative therapies tried, including epidural steroid injection, exercise therapy, hot packs, pain management and physical therapy. (*Id*.) Plaintiff was diagnosed with Lumbar Radiculopathy, Lumbar Spondylosis, and Lumbar Post Laminectomy Syndrome, and underwent a complex revision hemilaminectomy with Dr. Easton in December 2010. (Tr. at 316-317, 329-330.) Plaintiff's symptoms improved after her second surgery and she was prescribed physical therapy. (Tr. at 282-283.) In May 2011, five months after her second surgery, Dr. Easton noted that Plaintifff's surgical defect was palpable, lordosis was present and movement was restricted in all directions secondary to fusion. (*Id*.) He also noted that Plaintiff had normal stability, normal strength and tone and spinal spasms. (*Id.*)

### F.     Analysis and Conclusions

Plaintiff argues that the ALJ erred by failing to evaluate whether Plaintiff's lower back impairments met or equaled listing 1.04, and that this error requires remand. (Docs. 14, 20.) As previously noted, if a claimant does not have current substantial gainful employment

and suffers from a qualifying severe impairment, the ALJ must assess whether the claimant satisfies a listed impairment. *Sheeks v. Comm'r of Soc. Sec.*, 544 Fed. Appx. 639, 641 (6th Cir. 2013); 20 C.F.R. §416.920(a)(4)(iii); *see also, Christephore v. Comm'r of Soc. Sec.*, 2012 WL 2274328 (E.D. Mich., June 18, 2012). If a claimant's impairments meet or equal a listed condition, the ALJ must find him disabled. *Sheeks,* Fed. Appx. at 641.

When considering presumptive disability under Step Three, an ALJ must analyze impairments in relation to the Listed Impairments and "must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore*, 2012 WL 22743278 at * 6(citing *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. Appx. 411, 416 (6th Cir. 2011)).

> Requiring a reasoned and explained conclusion is not merely a formalistic requirement. On the contrary, as noted by the Sixth Circuit, it is a necessary component for this Court to ascertain whether the ALJ's decision was supported by substantial evidence. It is not for the Magistrate Judge to step into the shoes of the ALJ and complete [her] job for [her]. The ALJ should, in the first analysis, assess whether the evidence put forth shows that Plaintiff meets or equals a Listing. Should [she] determine [Plaintiff] does not, the ALJ must explain [her] decision with a discussion and analysis of the evidence.

*Id*. (citing *Risner v. Comm'r of Soc. Sec.,* 2012 WL 893882, at *5 (S.D.Ohio Mar.15, 2012)).

In *Christephore*, the ALJ referred to a general section of listings in finding summarily that the claimant failed to meet a listing under Step Three, but he did not explain which of those listed impairments was relevant. *Id* at *8. Nor did he compare the claimant's symptoms to the requirements of any of the cited listed impairments. *Id.* The court ruled that without

10

such an explanation or analysis, it was impossible to ascertain whether substantial evidence supported the ALJ's Step Three determination and ordered remand. *Id*.

Likewise, in the case at bar, the ALJ summarily determined that Plaintiff did not meet or equal a listing, citing without discussion Listings 1.00 *et seq*. (Musculoskeletal system), 3.03 (Asthma) and 11.00 *et seq*. (Neurological system). (Tr. at 52.) The ALJ did not identify the subsidiary listing of impairments, or the requirements therein. Furthermore, she did not compare or analyze Plaintiff's symptoms with those requirements. Thus, as in *Christephore*, I find that it is not possible to know whether substantial evidence supports the ALJ's determination of no disability under her Step Three evaluation. *See id.*

As noted in both *Christephore* and *Reynolds*, the ALJ's error here is not harmless because the regulations provide that if a claimant meets a listed impairment, she is disabled within the meaning of the regulations and entitled to benefits without further evaluation. *Id* at *9(citing *Reynolds*, 424 Fed. Appx. at 416). Correction of such error is not merely a formalistic matter of procedure. *Id*. The ALJ needs to "actually evaluate the evidence, compare it to Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate meaningful review." *Id.* Otherwise, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence. *Id*.

As a matter of law, I suggest that the ALJ's summary conclusion that Plaintiff did not meet or equal a listing is not supported by substantial evidence. The ALJ's failure to specifically address the relevant listings and compare evidence of Plaintiff's symptoms to the

requirements of those listings is not harmless error. *See id*. I therefore suggest that the ALJ committed reversible error in failing to conduct an adequate Step Three evaluation. Accordingly, I recommend the case be remanded under sentence four of 42 U.S.C. § 405(g) to give the ALJ an opportunity to conduct a proper Step Three evaluation. Because this matter is being remanded for further proceedings, and in the interests of judicial economy, I will not consider Plaintiff's remaining assignments of error.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan*, 474 F.3d at 837; *Frontier Ins. Co.,* 454 F.3d at 596-97. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be concise, but commensurate in detail with

the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

                                                 s/ *Charles E Binder*
                                                 CHARLES E. BINDER
Dated: January 6, 2015                   United States Magistrate Judge