UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE A. SMITH,

    Plaintiff,

v.                                           Case No. 13-15194

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.
                                           /

**ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES**

Before the court is Plaintiff Jamie A. Smith's Application for Attorneys' Fees under the Equal Access to Justice Act. (Dkt. # 24.) Plaintiff seeks attorneys' fees in the amount of $7,745.15 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the ground that the Commissioner's position was not "substantially justified" in this action concerning Plaintiff's Social Security disability benefits. For the reasons stated below, the application will be denied.

**I. BACKGROUND**

Plaintiff filed an application for disability benefits on May 2, 2011 alleging that she became disabled on March 20, 2010. The application was initially denied, and Plaintiff filed a request for a hearing. On August 13, 2012, Administrative Law Judge ("ALJ") Patricia S. McKay held a hearing and, in a September 27, 2012 decision, denied Plaintiff's claim. The ALJ's decision became the final decision of the Commissioner of Social Security, and Plaintiff filed an action before the court on December 20, 2013 pursuant to 42 U.S.C. § 405(g). (Dkt. # 21, Pg. ID 909-10.)

Magistrate Judge Charles E. Binder issued a Report and Recommendation on January 6, 2015 which recommended finding that the ALJ committed reversible error and that the court remand the matter for further proceedings. (*Id.* at 919.) The court adopted the Magistrate Judge's Report and Recommendation and remanded the case for further proceedings. (Dkt. # 22, Pg. ID 922.)

Plaintiff filed the instant application on February 26, 2015, and the Commissioner responded on March 26, 2015. A reply followed on March 30, 2016.

## I. STANDARD

Pursuant to the EAJA, "'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Glenn v. Comm'r of Soc. Serv.*, 763 F.3d 494, 498 (quoting 28 U.S.C. § 2412(d)(1)(A)). To be "substantially justified" within the meaning of the EAJA, the government's position must be "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "This standard 'means, of course, more than merely undeserving of sanctions for frivolousness;' and is not different from having 'a reasonable basis both in law and fact.'" *Glenn*, 763 F.3d at 498 (quoting *Underwood*, 487 U.S. at 565). It is the government's burden to prove that "a given position was substantially justified, and it discharges that burden by demonstrating that the position had a reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725-26 (6th Cir. 2014) (internal quotation marks and citations omitted).

## II. DISCUSSION

The Commissioner's regulations set forth a five-step sequential analysis for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). If the ALJ has concluded that the claimant is not engaged in substantial activity and has a severe medically determinable physical or mental impairments (or combination of impairments), then, at Step Three, the ALJ determines whether the impairment(s) meet or equal any of the impairments listed in 20 C.F.R. § 404, Subpart P, App'x 1. 20 C.F.R. § 404.1520(a)(4)(iii). If impairments(s) meet or equal one of the listed impairments, the ALJ will find the claimant disabled. If not, the ALJ will proceed with the sequential analysis. At Step Three, "an ALJ must analyze the claimant's impairments in relation to the Listed Impairments and must give a reasoned explanation of his findings and conclusions in order to facilitate meaningful review." *Christephore v. Comm'r of Soc. Sec.*, No. 11-13547, 2012 WL 2274328, at *6 (E.D. Mich. 2012) (citing *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011)). The Magistrate Judge's Report and Recommendation found that "the ALJ committed reversible error in failing to conduct an adequate Step Three evaluation." (Dkt. # 21, Pg. ID 919.) The Magistrate Judge explained:

> [T]he ALJ summarily determined that Plaintiff did not meet or equal a listing, citing without discussion Listings 1.00 *et seq.* (Musculoskeletal system), 3.03 (Asthma) and 11.00 *et seq.* (Neurological system). The ALJ did not identify the subsidiary listing of impairments, or the requirements therein. Furthermore, she did not compare or analyze Plaintiff's symptoms with those requirements. Thus . . . , I find that it is not possible to know whether substantial evidence supports the ALJ's determination of no disability under her Step Three evaluation.

(Dkt. # 21, Pg. ID 918.)

3

In the instant application, Plaintiff argues that she is entitled to EAJA attorneys' fees because she is the prevailing party in the instant action, and the Commissioner's position was not substantially justified. (Dkt. # 24, Pg. ID 925.) Plaintiff insists that the "Commissioner's lack of substantial justification in the pre-litigation action of the Agency is shown by the fact that the ALJ erred by failing to evaluate Plaintiff's impairments under any of the relevant Listings and reaching a Step Three determination that is not supported by substantial evidence." (*Id.*) Plaintiff identifies both the Commissioner's position before the ALJ and before the court as positions of the United States which justify EAJA fees. (Dkt. # 24, Pg. ID 925-26.) The Commissioner argues the request for fees should be denied because its position was substantially justified.[1] (Dkt. # 26, Pg. ID 26.)

Plaintiff is not entitled to EAJA attorneys' fees merely because her action resulted in a remand. *DeLong*, 748 F.3d at 726. "[T]he Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose." *Underwood*, 487 at 569. "[A] position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2.

With respect to the instant application, the court finds *DeLong* instructive. In *DeLong*, the Sixth Circuit held that a district court did not abuse its discretion in denying

---

[1] The Commissioner also argues, in the alternative, that the requested fees are excessive. (Dkt. # 26, Pg. ID 966.) The court need not consider this argument given that the court concludes that no EAJA fees are warranted in this case.

EAJA fees where the court vacated the Commissioner's decision not to award a claimant disability benefits and remanded the case for further proceedings on the ground that "[t]he record did *not* strongly establish [the claimaint's] entitlement to benefits." *DeLong*, 748 F.3d at 726. "[T]he fatal flaw in the ALJ's opinion . . . [was] his failure to *explain* his findings adequately. The District Court thus vacated the ALJ's decision and remanded DeLong's case based on this procedural error rather than on substantive grounds." *Id.* at 727. In finding the district court's denial of EAJA fees to be proper, the Sixth Circuit explained:

> [R]emand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification.

*Id.*

Similarly, the court remanded the instant case because of a procedural error—the ALJ did not provide compare Plaintiff's symptoms to the relevant listed impairments and, thus, did not provide sufficient explanation or analysis required for meaniful review at Step Three. (Dkt. # 21, Pg. ID 918.) In adopting the Report and Recommendation, the court did not conclude that the ALJ's Step Three determination was not supported by substantial evidence, but rather "found that it is not possible to know whether substantial evidence supports the ALJ's determination of no disability under her Step Three evaluation." (*Id.*) As in *DeLong*, "nothing about the specific

5

remand at issue implies a lack of substantial justification," which suggests that an EAJA award likely is not appropriate. *DeLong*, 748 F.3d at 727.

The *DeLong* court also stated that "in the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *Id.* at 728 (internal quotation marks omitted). Such is the case here. The Commissioner took the position that the ALJ reasonably considered Plaintiff's medically determinable impairments at Step Three of the sequential evaluation and that the ALJ was correct in determining that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments. (Dkt. # 19, Pg. ID 875.) Nothing in the record suggests that this position lacked substantial justification.

Plaintiff also argues that the ALJ's procedural error at the Step Three Determination itself rendered the government's position not substantially justified. (Dkt. # 24, Pg. ID 925.) *See* 28 U.S.C. § 2412(d)(2)(D) ("'[P]osition of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."); *Delta Engineering v. United States*, 41 F.3d 259. 261 (6th Cir. 1994). Again relying on *DeLong*, the court finds that an award is not appropriate when "nothing about the specific remand at issue implies a lack of substantial justification." 748 F.3d at 727 (emphasis added). Accordingly, the court finds that the government's position taken during litigation and in the pre-litigation action of the agency were both substantially justified and, therefore, EAJA attorneys' fees and expenses are unwarranted.

### III. CONCLUSION

IT IS ORDERED that Plaintiff Jamie A. Smith's Application for Attorneys' Fees under the Equal Access to Justice Act (Dkt. # 24) is DENIED.

        s/Robert H. Cleland        
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 8, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner        
Case Manager and Deputy Clerk
(313) 234-5522